**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL V. MCMAKEN**, on behalf of the Chemonics International, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GREATBANC TRUST COMPANY**,<br><br>Defendant. | Civil Action No. 1:17-cv-04983-ARW-MDW |

# INITIAL STATUS REPORT

In accordance with the Court's Case Management Procedures, Plaintiff Michael V. McMaken ("Plaintiff"), on behalf of the Chemonics International, Inc. Employee Stock Ownership Plan (the "Plan"), and on behalf of a class of all other persons similarly situated, and Defendant GreatBanc Trust Company ("Defendant") submit the following Initial Status Report for the Court's consideration:

## 1. Nature of the Case

### A. Identify the attorneys of record for each party, including the lead trial attorney.

**Attorneys of record for Plaintiff**

Gregory Y. Porter (lead trial counsel) (*pro hac vice* application pending)
Ryan T. Jenny
Bailey & Glasser LLP
1054 31st Street, NW
Suite 230
Washington, DC 20007
(202) 463-2101
Email: gporter@baileyglasser.com
Email: rjenny@baileyglasser.com

Patrick Owen Muench
Bailey & Glasser LLP
3930 N. Lowell Avenue
Chicago, IL 60641
(847) 899-1646
Email: pmuench@baileyglasser.com

**Attorneys of record for Defendant**

Lars C. Golumbic (lead trial counsel) (*pro hac vice* application pending)
Groom Law Group, Chtd.
1701 Pennsylvania Ave., NW
Suite 1200
Washington, DC 20006
(202) 861-6615
Email: lgolumbic@groom.com

Bradford D. Roth
Daniel J. Broderick , Jr.
David Burton Savitt
Cassiday Schade LLP
20 N. Wacker Drive
Suite 1000
Chicago, IL 60606
(312) 444-1612
Email: broth@cassiday.com
Email: dbroder@cassiday.com
Email: dsavitt@cassiday.com

**B. State the basis for federal jurisdiction.**

Plaintiff's position: This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of civil actions brought under Title I of ERISA and 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.

Defendant's position: Defendant reserves the right to argue that the Court does not have subject matter jurisdiction over this action because Plaintiff has not personally suffered an injury in fact and has failed to identify any action by Defendant that poses a real and immediate threat of future personal injury.

**C. Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.**

Plaintiff's Complaint (Dkt. No. 1) asserts that Defendant, the Trustee of the Plan, caused the Plan to engage in and itself engaged in transactions that violated five prohibited transaction rules under ERISA. *See* ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b). Plaintiff alleges that, in a transaction effectuated on July 7, 2011, the Plan purchased 792,942 shares of Chemonics International, Inc. ("Chemonics") common stock for an aggregate price of $216,124,272, in part with a loan financed by the sellers. Plaintiff further alleges that the stock transaction was prohibited under ERISA §§ 406(a)(1)(A) and 406(a)(1)(D), and the loan transaction was prohibited under ERISA § 406(a)(1)(B). Plaintiff further alleges that in approving the transaction Defendant acted for the benefit of the sellers, who received more than fair market value for their private company stock, rather than for the Plan's benefit, in violation of ERISA § 406(b)(2). Plaintiff alleges Defendant's receipt of consideration from Chemonics was prohibited by ERISA § 406(b)(3). The primary relief Plaintiff seeks is a payment by Defendant to the Plan for the difference between the price paid by the Plan and the actual value of the Chemonics shares at the time of the transaction.

Defendant filed an Answer and Affirmative Defenses on September 6, 2017 (Dkt. No. 17).

**D. State the major legal and factual issues in the case.**

The principal legal issues with respect to Count I are whether Defendant caused the Plan to engage in stock and loan transactions with a party in interest prohibited by ERISA § 406(a); whether Defendant itself engaged in prohibited transactions by acting for the benefit of the sellers and receiving consideration for its own personal account in violation of ERISA § 406(b); and whether Defendant can establish an affirmative defense under ERISA § 408(e), or other

affirmative defenses, such as whether Plaintiff's lawsuit is barred by a Confidential Separation Agreement and General Release.

The principal factual issues will relate to whether the transactions at issue satisfy each of the elements in the ERISA § 406 claims, and whether affirmative defenses apply, including (among other affirmative defenses) whether the Plan paid fair market value for the stock of the Company as determined in good faith by Defendant pursuant to the terms of the Plan and in accordance with the requirements of ERISA.

**2. Mandatory Initial Discovery Pilot Project**

**A. Confirm that all of the parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.**

All parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.

**B. State the due dates for each party's mandatory initial discovery response and disclosure of electronically stored information. If a date for a party's disclosure has passed, indicate whether the party complied with the deadline.**

Mandatory initial discovery responses are due October 6, 2017.

**C. Describe the parties' discussions regarding the mandatory initial discovery responses, including:**

The parties are unable to report on any discussion regarding the mandatory initial discovery responses because they have not yet been served.

**3. Case Plan**

**A. Identify all pending motions.**

There are no pending motions.

**B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.**

Defendant reserves its rights to move to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12 of the Federal Rules of Civil Procedure, and to move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**C. Submit a proposed discovery plan, including the following information:**

**i. the general type of discovery needed;**

The parties agree that the scope of discovery shall be limited to those topics permissible under the Federal Rules of Civil Procedure and this Court's local rules. The parties anticipate that discovery will include interrogatories, requests for production, non-party document subpoenas, party and non-party depositions, and expert witness disclosures and depositions.

**ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;**

The parties agree that discovery will include Electronically Stored Information ("ESI"). Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the parties had a preliminary discussion regarding the disclosure of ESI, and agreed that they would have a more in-depth conference following the exchange of initial disclosures. The parties anticipate that they will seek discovery from non-parties, and will be in a better position to identify document custodians and develop an ESI plan following the exchange of initial disclosures.

**iii. any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;**

The parties have agreed to a proposed form of confidentiality order, which they submit to the Court for its consideration simultaneous with this Initial Status Report.

The parties have agreed to the following with respect to any privileged documents produced:

a. The production of any document or other information subject to protection by the attorney-client and/or the work product doctrine, or by any other legal privilege protecting such information/documents from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing of the document subject to such protection within ten (10) business days after the producing party discovers that the document subject to such protection was produced. The production of any privileged documents in this action pursuant to this provision also does not waive the privilege in connection to any other state or federal proceeding, pursuant to Fed. R. Evid. 502(d).

b. Upon written notice of the production of a privileged document by the producing party or oral notice if notice must be delivered during a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information. To the extent that the information contained in a document subject to a claim of privilege has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party discloses the specified information before being notified of its production, it must take reasonable steps to retrieve the information until the claim is resolved.

c. The party returning or destroying any documents identified as privileged under this paragraph may move the Court for an order compelling production of some or all of the documents/information to be returned or destroyed, but the fact that the documents

were produced shall not be a basis for compelling production and the privileged or protected information contained in the identified documents may not be disclosed in the motion.

**iv. the date by which the parties will complete fact discovery;**

The parties propose 270 days from the October 11, 2017 initial status conference to complete fact discovery.

**v. class certification briefing schedule;**

Plaintiff's position: Plaintiff proposes that the deadline for Plaintiff to move for class certification be 60 days after entry of the scheduling order, with Defendant's response due 30 days later, and Plaintiff's reply due 15 days after the response.

Defendant's position: Defendant contemplates that class certification discovery will be necessary for purposes of opposing any motion for class certification, and that class certification discovery be coextensive with fact discovery. Defendant therefore proposes that the deadline for Plaintiff to move for class certification be 90 days after the close of fact discovery, with Defendant's response due 120 days after the close of fact discovery, and Plaintiff's reply due 135 days after the close of fact discovery.

**vi. whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;**

The parties contemplate expert discovery.

Plaintiff's position: Plaintiff's position is that the party bearing the burden of proof as to any issue shall identify its expert witnesses, if any, on or before the close of fact discovery. The party not bearing the burden of proof as to any issue shall identify its expert witnesses, if any, on or before 45 days after the close of fact discovery. The party bearing the burden of proof as to

any issue shall identify its rebuttal expert witnesses, if any, on or before 75 days after the close of fact discovery. Plaintiff proposes expert disclosures in this fashion because prohibited transaction claims involving ESOPs almost always center on affirmative defenses on which Defendant bears the burden of proof and because Plaintiff's prima facie case under ERISA § 406 does not require any expert proof. Experts disclosed pursuant to this paragraph shall be deposed on or before 100 days after the close of fact discovery.

Defendant's position: Defendant proposes that affirmative expert disclosures be made 90 days after the close of fact discovery; rebuttal expert disclosures be made 120 days after the close of fact discovery; and expert discovery be completed 150 days after the close of fact discovery.

**vii. what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted;**

Plaintiff's position: Due to the complexity of the case and the likelihood that there will be numerous party and non-party fact witnesses who were involved in the $216 million transaction at issue, Plaintiff proposes that the presumptive limit of 10 depositions be extended to 15 and the presumptive limit of 25 interrogatories be extended to 40.

Defendant's position: Defendant proposes no modifications to the presumptive limit for depositions or interrogatories.

**viii. for cases included in the Mandatory Initial Discovery Pilot Project, the final date by which parties may supplement their mandatory initial discovery responses;**

The parties propose that full and complete supplementation of mandatory initial discovery responses must occur no later than 210 days after the October 11, 2017 initial status hearing.

**ix. the deadline to amend pleadings; and**

The parties propose that the deadline to amend pleadings be 210 days after the October 11, 2017 initial status hearing.

**x. the date by which the parties must file any dispositive motions.**

The parties propose that the cutoff for filing dispositive motions be 45 days after the close of expert discovery.

Defendant proposes that, this cutoff notwithstanding, the parties may file more than one dispositive motion, and may make dispositive motions at any time following the October 11, 2017 status hearing. When a dispositive motion is made, the parties will request an additional briefing schedule.

**D. State whether there has been a jury demand and the estimated length of the trial.**

There has not been a jury demand. Plaintiff estimates that a trial would take 10-20 days. Defendant estimates that a trial would take 10 days.

**4. Settlement**

**A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do *not* provide the particulars of any settlement demands/offers.**

The parties are willing to consider mediation or a settlement conference at an appropriate time. The parties have agreed to address the potential for settlement in this matter after sufficient investigation has taken place to determine the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case.

**B. State whether the parties believe that a settlement conference would be productive at this time.**

Not at this time. See response to 4(A).

**5. Consent to Proceed Before a Magistrate Judge**

**A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.**

The parties have not agreed to proceed before a Magistrate Judge.

Dated: October 4, 2017

Respectfully submitted:

By: */s/ Lars C. Golumbic*
Lars C. Golumbic (*pro hac vice* application pending)
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 861-6615
Facsimile: (202) 659-4503
E-Mail: lgolumbic@groom.com

Bradford D. Roth
Daniel Broderick Jr
**CASSIDAY SCHADE LLP**
20 N. Wacker Drive
Chicago, IL 60606
Telephone: (312) 444-1612
Facsimile: (312) 444-1669
E-Mail: broth@cassiday.com
E-Mail: dbroder@cassiday.com

*Attorneys for Defendant*

By: /s/ *Patrick Owen Muench*
Patrick O. Muench (IL #6290298)
pmuench@baileyglasser.com
**BAILEY & GLASSER LLP**
3930 N. Lowell Ave.
Chicago, IL 60641
Telephone: (847) 899-1646
Facsimile: (202) 463-2103

Gregory Y. Porter (*pro hac vice* application pending)
gporter@baileyglasser.com
Ryan T. Jenny
rjenny@baileyglasser.com
**BAILEY & GLASSER LLP**
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on October 4, 2017, I filed in this action the foregoing Initial Status Report electronically via the Court's ECF System. Notice of this filing will be sent in this action by operation of the Court's electronic system to all counsel of record in the ECF System.

Respectfully submitted:

By: *<u>/s/ Lars C. Golumbic</u>*

Lars C. Golumbic (*pro hac vice* application pending)
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 861-6615
Facsimile: (202) 659-4503
E-Mail: lgolumbic@groom.com

*Attorney for Defendant*