UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL V. MCMAKEN, on behalf of the Chemonics International, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY,<br><br>    Defendant. | Case No. 1:17-cv-04983-ARW-MDW |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY UNDER
RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

   In its Fed. R. Civ. P. 56(d) Motion for Discovery (Dkt. 106), Defendant fails to show that the discovery it seeks would create a genuine dispute of material fact on the single issue raised in Plaintiff's pending Motion for Summary Judgment on the Fifth Affirmative Defense (Dkt. 101), *i.e.*, whether Defendant was a fiduciary to Chemonics International, Inc. The Court should therefore deny Defendant's motion and proceed to rule on Plaintiff's motion.

   Rule 56(d) provides that "[i]f a nonmovant [to a summary judgment motion] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time . . . to take discovery." Fed. R. Civ. P. 56(d). Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Korf v. Ball State Univ.,* 726 F.2d 1222, 1230 (7th Cir. 1984) (citation omitted). Accordingly, Rule 56(d) places the burden on the nonmovant opposing summary judgment to "state the reasons why the party

1

cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). In its affidavit, the party must demonstrate "how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Korf,* 726 F.2d at 1230 (citation omitted). If the reasons identified by the non-movant are not material to the summary judgment ruling, and the district court's decision would not differ if discovery were conducted, a district court is within its discretion to deny the Rule 56(d) motion. *See Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (district court did not abuse its discretion in denying additional discovery where plaintiffs had identified two areas of discovery necessary to respond to summary judgment motion, and "[n]either of these topics were material to the district court's summary judgment ruling"); *see also Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002) (denying discovery motion because "the evidence [movant] sought is not relevant"); *Baker v. McCorkle*, No. 1:16-cv-03026, 2017 WL 2443287, at *3 (S.D. Ind. June 6, 2017) (denying extension of time request because plaintiff "does not show how the requested material relates in any way to Defendants' Motion for Partial Summary Judgment").

    Defendant's motion fails for two reasons. First, discovery into parol evidence is unnecessary because the Release is not ambiguous. Second, discovery on whether Plaintiff knowingly and voluntarily released his claims is relevant only to Plaintiff's response to a defense motion to enforce the Release. No such motion is pending.

    There is no dispute that Defendant claims that it is a Releasee under the Confidential Separation Agreement and General Release (the "Release") at issue in the Fifth Affirmative Defense (Waiver and Release) on the basis that it is allegedly a fiduciary to Chemonics. *See*

Defendant GreatBanc Trust Company's Responses to Plaintiff's Statement of Undisputed Facts ¶ 9 ("Response to SOMF")[1] (Dkt. 108). Plaintiff's motion seeks partial summary judgment only on the issue that Defendant is not a Releasee because it was not (and is not) a fiduciary to Chemonics (it was and is a fiduciary to the Plan). Under the well-established case law, the Court should deny Defendant's motion because the discovery it seeks it immaterial to the one issue presented.

Defendant's primary argument is that it "requires discovery of parol evidence regarding [the] parties' intent in entering into to [sic] the Release." Golumbic Declaration ¶ 11 (Dkt. 106-1). But parol evidence is relevant only if the Release is ambiguous. It is not. Whether Defendant was a fiduciary to Chemonics is largely a legal question to which discovery into the parties' intent is immaterial; it can and should be decided without additional discovery. *See Federal Housing Fin. Agency v. City of Chicago*, 962 F. Supp. 2d 1044, 1055 (N.D. Ill. 2013) (holding, "discovery is not necessary to decide the preemption issues as they are 'purely legal questions'"); *A.M.T. v. Gargano*, 781 F. Supp. 2d 798, 801-02 (S.D. Ind. 2011) (denying 56(d) motion because discovery was irrelevant to the legal question presented); *cf. Gordon v. CIGNA Corp.*, 890 F.3d 463, 479 (4th Cir. 2018) (denying Rule 56(d) motion in ERISA case for discovery on fiduciary status where movant "made no showing that the discovery she sought would have created a genuine dispute of material fact").

Put another way, there is no dispute that the operative term in the Release is "Chemonics and *its . . . fiduciaries*." Response to SOMF ¶¶ 8, 9 (emphasis added). That is not an ambiguous phrase, and the "affidavit or declaration" submitted in support of Defendant's motion does not show otherwise by "set[ting] forth any specific evidence which [it] might have obtained from

---

[1] "SOMF" refers to Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue that Entitle Plaintiff to Judgment as a Matter of Law on the Fifth Affirmative Defense (Dkt. 103).

3

discovery sought that would create a genuine issue of material fact," as required by Rule 56(d).[2] *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, No. 13-cv-1922, 2015 WL 1543216, at *11 (N.D. Ill. 2015) (citation, punctuation omitted); Fed. R. Civ. P. 56(d). In contrast, Chemonics argued to the U.S. Bankruptcy Court for the Eastern District of Virginia only that GreatBanc is a Releasee if it is a fiduciary to Chemonics; it did not claim that fiduciaries to persons other than Chemonics are also released if appointed by Chemonics. *See In re: McMaken*, No. 17-13334, 2018 WL 4471017, at *2-3 (Bankr. E.D. Va. Sept. 13, 2018) (observing that "in Chemonics' view, GreatBanc is a fiduciary for Chemonics and therefore a Releasee," and holding that "Chemonics has failed to meet its burden to prove that GreatBanc was its fiduciary").[3] Defendant has not shown an ambiguity suggesting that fiduciaries to third parties appointed by Chemonics may also be Releasees. Discovery into and presentation of parol evidence is therefore prohibited under the well-established case law. *See Cent. States, Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 634-36 (7th Cir. 2012) (affirming denial of 56(d) motion in ERISA case where contract was not ambiguous); *Cincinnati Ins. Co. v. Society Ins.*, No. 14-cv-1319, 2014 WL 7054976, at *3 (C.D. Ill. Dec. 12, 2014) ("Plaintiff argues that it requires discovery into the scope of the release [but] extrinsic evidence may only be used to interpret the release if it is ambiguous on its face. Where the terms of the release are clear and explicit, the court must

---

[2] Defendant's required "affidavit or declaration," tellingly, does not affirmatively claim that the Release is ambiguous but posits that if it is allowed to fish around in discovery "GreatBanc may argue that the release is ambiguous." Golumbic Decl. ¶ 11. That plainly does not meet its Rule 56(d) burden. *See Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885-86 (7th Cir. 2005) (affirming district court's denial of request for additional discovery because request was "based on nothing more than mere speculation and would amount to a fishing expedition").

[3] Defendant's lawyer from the Groom firm accompanied Chemonics' lawyer to present oral argument at the Bankruptcy Court, and Defendant's opposition to the motion to amend herein made virtually identical arguments and cited the same cases and documents as Chemonics's opposition to Plaintiff's objection to the proof of claim at the Bankruptcy Court. Dkt. 52 at 4. Defendant's claim of ambiguity is a more recent invention, that Chemonics' counsel did not make.

enforce them as written, and construction of the instrument is a question of law.") (quotation marks omitted); *N.W. v. District of Columbia*, 107 F. Supp. 3d 141, 147 (D.D.C. 2015) ("A contract . . . is not rendered ambiguous merely because the parties disagree over its proper interpretation . . . [and] extrinsic evidence of the parties' subjective intent may be resorted to only if the document is ambiguous.") (punctuation and citations omitted).[4]

Defendant also claims to want discovery about "the totality of the circumstances surrounding the signature," *i.e.*, whether Plaintiff knowingly and voluntarily entered into the Release. Golumbic Decl. ¶¶ 13-15. However, the pending motion for summary judgment does not challenge the validity of the Release on such grounds. Indeed, whether the Release was knowing and voluntary is *Plaintiff's response to a defense motion to enforce the Release*. Defendant can take that discovery on that issue whenever it wants and has plenty of time to do so before filing any motion of its own, but it has nothing to do with Plaintiff's motion. Thus, the Iowa decision Defendant cites is simply not relevant because it addressed a plaintiff's opposition on grounds of unknowing and involuntary release to a *defendant's motion* for summary judgment on release. *See id.* ¶¶ 14-15 (citing *Innis v. Bankers Tr. Co. of S.D.*, No. 4:16-cv-650 (S.D. Iowa Apr. 30, 2019))). Indeed, should the Court grant Plaintiff's motion for summary judgment, we will never get to discovery of knowing and voluntary because it will not be necessary. Defendant does not get to delay resolution of the pending motion, force further costly discovery, and delay resolution of an issue that will be important in the upcoming class certification motion practice,

---

[4] While Defendant has not argued for a latent ambiguity allowing consideration of parol evidence, such an argument would also be meritless because Defendant has not met its burden of offering a *reasonable* alternative interpretation of the phrase "Chemonics and its fiduciaries." *Cent. States*, 674 F.3d at 636-37 (argument of latent ambiguity rejected on 56(d) motion where defendant "has not offered any other reasonable interpretation of the unambiguous language in the plan documents, even assuming there was extrinsic evidence to support such a hypothetical alternative interpretation").

5

by arguing it wants discovery to be able to make arguments that are not presented by Plaintiff's motion.

 For all these reasons, the Court should deny the Rule 56(d) motion.

Dated: June 18, 2019      Respectfully submitted,

            /s/ Patrick O. Muench
            Patrick O. Muench (IL #6290298)
            Gregory Y. Porter (*pro hac vice*)
            Ryan T. Jenny
            **BAILEY & GLASSER LLP**
            1055 Thomas Jefferson Street NW
            Suite 540
            Washington, DC 20007
            Telephone: (202) 463-2101
            Facsimile: (202) 463-2103
            pmuench@baileyglasser.com
            gporter@baileyglasser.com
            rjenny@baileyglasser.com

            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June 2019, a copy of the foregoing was served using the Court's CM/ECF system upon Defendant's counsel:

Lars C. Golumbic
Andrew Salek-Raham
Kara Petteway Wheatley
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 861-6615
Facsimile: (202) 659-4503
E-Mail: lgolumbic@groom.com
E-Mail: asalek-raham@groom.com
E-Mail: KWheatley@groom.com

Bradford D. Roth
Daniel Broderick Jr.
Brendan R. Youngblood
**CASSIDAY SCHADE LLP**
222 West Adams Street
Chicago, IL 60606
Suite 2900
Telephone: (312) 641-3100
Facsimile: (312) 444-1669
E-Mail: broth@cassiday.com
E-Mail: dbroder@cassiday.com
E-Mail: byoungblood@cassiday.com
*Counsel for Defendant*

/s/ Patrick O. Muench
Patrick O. Muench (IL #6290298)
BAILEY & GLASSER LLP
1054 31st Street, NW, Suite 230
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
pmuench@baileyglasser.com

*Attorneys for Plaintiff*