**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL V. MCMAKEN,** on behalf of the Chemonics International, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GREATBANC TRUST COMPANY,**<br><br>Defendant. | Case No. 1:17-cv-04983-ARW-MDW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE
TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ON THE FIFTH AFFIRMATIVE DEFENSE**

The Court has already denied GreatBanc's motion for discovery under Fed. R. Civ. P. 56(d) and held that Plaintiff's Motion for Summary Judgment is "fully briefed for ruling." *See* Dkt. 114. But GreatBanc now seeks to do an end-run around that decision by seeking leave to file a sur-reply in opposition to Plaintiff's motion, which if allowed to be filed would again request discovery on parol evidence. *See* Dkt. 112. The Court should deny the motion for a sur-reply as GreatBanc cannot properly seek reconsideration of the Rule 56(d) ruling via a sur-reply on a different motion.

Furthermore, GreatBanc's motion rests on a misstatement that Plaintiff's reply brief argued "that the Court should interpret the Release's unambiguous terms in his favor *based on parol evidence he introduced for the first time in his MSJ Reply*." Dkt. 112 at 2-3 (emphasis in original). Not true. Plaintiff cited *In re: McMaken*, No. 17-13334, 2018 WL 4471017 (Bankr. E.D. Va. Sept. 13, 2018), and related legal briefing to show that GreatBanc is advancing a

1

putative ambiguity that even Chemonics did not raise when arguing the applicability of the Release before the bankruptcy court. Plaintiff has not argued that parol evidence should be used to interpret the operative term in the Release, but to the contrary he argued the term "is not ambiguous." Dkt. 111 at 2. And, *arguendo*, even if he had, the Court does not have to rely on bankruptcy court filings to find the Release unambiguous.

For all these reasons, the Court should deny the motion for leave to file a sur-reply.

Dated: June 28, 2019 Respectfully submitted,

/s/ Patrick O. Muench
Patrick O. Muench (IL #6290298)
Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
pmuench@baileyglasser.com
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of June 2019, a copy of the foregoing was served using the Court's CM/ECF system upon Defendant's counsel:

Lars C. Golumbic
Andrew Salek-Raham
Kara Petteway Wheatley
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 861-6615
Facsimile: (202) 659-4503
E-Mail: lgolumbic@groom.com
E-Mail: asalek-raham@groom.com
E-Mail: KWheatley@groom.com

Bradford D. Roth
Daniel Broderick Jr.
Brendan R. Youngblood
**CASSIDAY SCHADE LLP**
222 West Adams Street
Chicago, IL 60606
Suite 2900
Telephone: (312) 641-3100
Facsimile: (312) 444-1669
E-Mail: broth@cassiday.com
E-Mail: dbroder@cassiday.com
E-Mail: byoungblood@cassiday.com
*Counsel for Defendant*

                  /s/ Patrick O. Muench
                  Patrick O. Muench (IL #6290298)
                  BAILEY & GLASSER LLP
                  1054 31st Street, NW, Suite 230
                  Washington, DC 20007
                  Telephone: (202) 463-2101
                  Facsimile: (202) 463-2103
                  pmuench@baileyglasser.com

                  *Attorneys for Plaintiff*