IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL V. MCMAKEN, on behalf of the Chemonics International, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY,<br><br>Defendant. | No. 17-cv-04983<br><br>Judge Andrea R. Wood |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael McMaken, a former employee of Chemonics International, Inc. ("Chemonics"), is a participant in the company's Employee Stock Ownership Plan (the "Plan"). Defendant GreatBanc Trust Company ("GreatBanc") serves as the Plan's trustee. McMaken has sued GreatBanc under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that GreatBanc caused the Plan to engage in a prohibited transaction. Now, McMaken has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on GreatBanc's fifth affirmative defense of waiver and release. (Dkt. No. 101.) For the reasons discussed below, McMaken's motion is granted.

**BACKGROUND**

McMaken's First Amended Complaint alleges that GreatBanc caused the Plan to engage in a prohibited transaction when it authorized the Plan's purchase of shares of Chemonics stock for greater than fair market value. (First Am. Compl. ¶¶ 1–3, Dkt. No. 93.) In its answer to the First Amended Complaint, GreatBanc raised five affirmative defenses. (Answer to First Am. Compl.,

Dkt. No. 97.) Relevant here, with its fifth affirmative defense of waiver and relief, GreatBanc contends that McMaken previously released his claims against it.

The relevant facts are undisputed. Upon leaving his employment at Chemonics, McMaken signed a Confidential Separation Agreement and General Release ("Release"), which limited McMaken's ability to bring suit in certain situations. (Def.'s Resp. to Pl.'s Statement of Undisputed Facts ("DRPSF") ¶¶ 7–8, Dkt. No. 108.) The Release states, in relevant part, that McMaken, "hereby voluntarily and unconditionally release[s] and forever discharge[s] Chemonics and its parents, subsidiaries, predecessors, successors, directors, officers, fiduciaries, insurers, employees and agents . . . from any and all causes of action," and that "this is a **GENERAL RELEASE** to be construed in the broadest possible manner consistent with applicable law." (DRPSF ¶ 8; Answer to First Am. Compl., Ex. A at 1, Dkt. No. 97-1 (emphasis in original).) With the present motion, McMaken claims that it is entitled to summary judgment on the fifth affirmative defense, arguing that GreatBanc is not a releasee under the terms of the Release because it is not a "fiduciary" of Chemonics.[1]

### DISCUSSION

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court may grant summary judgment on "each claim or defense—or [on] part of each claim or defense." *Id*. In evaluating a summary judgment motion, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The moving party is 'entitled to a judgment as a matter of law' [where] the nonmoving party has failed

---

[1] GreatBanc also argued in both its response to the present motion and a separate motion for discovery that the Court should wait until the close of discovery to address whether GreatBanc is a releasee. The Court previously denied GreatBanc's request for reasons stated in open court.

to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

McMaken argues that he is entitled to summary judgment because GreatBanc owes fiduciary duties to the Plan, not Chemonics itself, and therefore GreatBanc is not Chemonics's fiduciary. Although GreatBanc agrees with McMaken that it does not owe fiduciary duties directly to Chemonics, it nonetheless denies that this forecloses it from being released as a Chemonics "fiduciary" as that term is used in the Release. (*See* Def.'s Opp'n to Pl.'s Mot. for Partial Summ. J. at 2, Dkt. No. 107 ("GreatBanc **does not contend** that it owes fiduciary obligations to Chemonics . . . and **does not contend** that it would be a releasee even if it did somehow owe fiduciary duties to Chemonics." (emphasis in original)).) Instead, GreatBanc asserts that the language in the Release calling for it to be interpreted broadly and the fact that Chemonics assigned GreatBanc its own fiduciary duties with respect to the Plan means that GreatBanc is a "fiduciary" as contemplated by the Release. GreatBanc also asserts that it must be considered a "fiduciary" to give full meaning to all provisions of the Release. For his part, however, McMaken contends GreatBanc's acknowledgement that it does not owe fiduciary duties to Chemonics settles the matter.

District of Columbia law[2] regards releases as contracts that "should be construed according to established rules of contract interpretation." *Noonan v. Williams*, 686 A.2d 237, 241 (D.C. 1996). For purposes of contract interpretation, District of Columbia law looks to the written language of the agreement to determine "the rights and liabilities of the parties" and disregards

---

[2] The Release contains a choice-of-law provision stating that it shall be "governed and construed according to the laws of the District of Columbia." (Answer to First Am. Compl., Ex. A at 2.) Because neither party disputes that District of Columbia law governs and the Seventh Circuit "enforce[s] choice-of-law provisions as long as they are reasonable," this Court will look to District of Columbia law for guidance on matters of contract interpretation in this case. *Yassan v. J.P. Morgan Chase and Co.*, 708 F.3d 963, 973 (7th Cir. 2013).

3

"the intent of the parties at the time they entered into the contract, unless the written language is not susceptible of a clear and definite undertaking." *Tillery v. D.C. Contract Appeals Bd.*, 912 A.2d 1169, 1176 (D.C. 2006) (internal quotation marks omitted). Put differently, where the contract "is facially unambiguous, [courts] must rely solely upon its language as providing the best objective manifestation of the parties' intent." *Bolling Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 475 A.2d 382, 385 (D.C. 1984). However, if the contract is susceptible to alternative interpretations, and thus ambiguous, "extrinsic evidence of the parties' subjective intent may be resorted to." *Lamphier v. Wash. Hosp. Ctr.*, 524 A.2d 729, 732 (D.C. 1987). Thus, if the word "fiduciary," as used in the Release, unambiguously excludes GreatBanc, then summary judgment must be granted for McMaken. On the other hand, summary judgment should be denied if "fiduciary" is susceptible to GreatBanc's interpretation.

It is generally understood that a fiduciary is "[s]omeone who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, loyalty, due care, and disclosure." Fiduciary, *Black's Law Dictionary* (11th ed. 2019). What is clear from this definition is that fiduciary status depends on a direct flow of duties from one to another. Yet ERISA requires a plan fiduciary, such as a trustee, to act "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1). This language is echoed in the Plan documents as well, which state that "the Trustee shall perform [its] duties under the Plan and the Trust Agreement solely in the interests of the Participants (and their Beneficiaries)." (DRPSF ¶ 13.) Under both ERISA and the Plan, GreatBanc cannot be considered a fiduciary of Chemonics because it acts on behalf of and owes duties to the Plan and only the Plan.

Even GreatBanc concedes that it does not owe fiduciary duties directly to Chemonics. Nonetheless, GreatBanc contends that the inclusion in the Release of the clause requiring it to be read in the "broadest possible manner" establishes that GreatBanc was intended to be included as a releasee. Specifically, GreatBanc argues that it should be deemed a Chemonics "fiduciary" for purposes of the Release because Chemonics conferred upon GreatBanc fiduciary duties by appointing GreatBanc as the Plan's trustee. Yet the Seventh Circuit has rejected such an understanding of fiduciary relationships in this context, holding that just because a plan trustee and a plan sponsor are both fiduciaries with respect to a plan, "does not mean that either one [is] a fiduciary with respect to the other. Their relationship [is] purely contractual." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 512 (7th Cir. 2009). Thus, a fiduciary relationship does not arise between parties contracting for plan-related services. *See id.* Moreover, as a matter of plain language, Chemonics's interpretation of "fiduciary" is unorthodox and would not at all be obvious to any parties reading or signing the release.

GreatBanc also cites the unpublished decision in *Innis v. Bankers Trust Co. of South Dakota*, No. 4:16-cv-00650-RGE-SBJ (S.D. Iowa Apr. 30, 2019) (Dkt. No. 139), as showing that a similar release encompassed both a plan sponsor and plan trustee. As an initial matter, this Court finds *Innis* to be of limited persuasive value given that it does not apply District of Columbia law on contract interpretation and is neither from a court in this Circuit nor from the District of Columbia. In any case, GreatBanc misconstrues the import of this case. There, the plaintiff, a departing employee, agreed to release all known claims against her employer—the plan sponsor—and the employer's "owners, members, stockholders, . . . affiliates, . . . and all persons acting on behalf of, by, through, under or in concert with any of them" *Id*. at 15–16. The district court found that the plan's trustee could be deemed a releasee because it was an entity "acting on behalf of"

the plan's "owners" and "stockholders." *Id*. at 16. However, none of the release language relevant to the outcome in *Innis* is present in the Release here. GreatBanc places much weight on the fact that the *Innis* court recognized that the parties intended a broad release. However, the district court reached that conclusion by looking at the language describing the parties released. In particular, it emphasized the language releasing "all persons acting on behalf of, by, through, under or in concert with any of" the specifically named releasees. *Id.* at 16–17. By contrast, here, the Release simply contains a provision instructing that it be interpreted in the broadest possible manner. Of course, an interpretation cannot be broader than what is supported by the contractual language. And GreatBanc's interpretation of "fiduciary" stretches the word beyond the limits that even the broadest possible interpretation would allow.

Finally, GreatBanc asserts that it must be considered a "fiduciary" in order to give full meaning to the Release. GreatBanc claims that under Delaware law,[3] corporate fiduciary duties are assigned only to directors, officers, and key management employees. Because the Release explicitly incorporates these groups, the additional word "fiduciary" must have a broader scope to avoid rendering it superfluous. It is a basic principle of contract law that courts "must strive to give reasonable effect to all [the contract's] parts and eschew an interpretation that would render part of it meaningless or incompatible with the contract as a whole." *District of Columbia v. Young*, 39 A.3d 36, 40 (D.C. 2012) (internal quotation marks omitted). But GreatBanc's point is not supported by the authorities it cites. While the Supreme Court of Delaware has stated that "principles [of duty] . . . carry over into the field of corporate employment so as to apply not only to officers and directors but also to key managerial personnel," *Sci. Accessories Corp. v. Summagraphics Corp.*, 425 A.2d 957, 962 (Del. 1980), this proposition is a far cry from

---

[3] Chemonics was incorporated in Delaware. (Def.'s Opp'n to Pl.'s Mot. for Partial Summ. J. at 14.)

6

GreatBanc's claim that fiduciary duties ***only*** apply to directors, officers, and key managerial personnel. Indeed, the other case cited by GreatBanc explicitly analyzes whether the defendant could be a fiduciary as an "agent." *See Mitchell Lane Publishers, Inc. v. Rasemas*, C.A. No. 9144-VCN, 2014 WL 4925150, at *5 (Del. Ch. 2014). There, the defendant was an employee at the company, but not key managerial personnel, and the Delaware court's analysis of "agent" directly contradicts the limited scope of fiduciary duties that GreatBanc claims here. *Id.* In short, GreatBanc seeks to create redundancy where there is none in order to advance its novel interpretation of the term "fiduciary." This Court finds, however, that the plain meaning of "fiduciary" does not render any other portion of the Release superfluous.

Because its language is not reasonably susceptible to GreatBanc's interpretation, the Court interprets the Release by reference to its plain language.[4] That language makes clear that GreatBanc is not a "fiduciary" of Chemonics. Consequently, the Court concludes that GreatBanc cannot assert a defense of waiver and release, and McMaken is entitled to summary judgment on that defense.

---

[4] GreatBanc filed a motion for leave to file a sur-reply in opposition to McMaken's motion for partial summary judgment. (Dkt. No. 112.) The proposed sur-reply takes issue with McMaken citing parol evidence in arguing for partial summary judgment. Since the Court's decision is confined to the four corners of the Release and the unambiguous meaning of the term "fiduciary," the proposed sur-reply is unnecessary. For that reason, GreatBanc's motion is denied.

## CONCLUSION

For the foregoing reasons, McMaken's motion for summary judgment on the fifth affirmative defense (Dkt. No. 100) is granted.

ENTERED:

Dated: August 21, 2019

_____
Andrea R. Wood
United States District Judge